# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JIAMING HU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:17-cv-02363-AGF |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS

Defendants respectfully move this Court to dismiss Plaintiff's Jiaming Hu's claim under 8 U.S.C. § 1447(b) as a matter of judicial economy. Mr. Hu seeks to have this Court order the United States Citizenship and Immigration Services ("USCIS") to adjudicate his naturalization application under 8 U.S.C. § 1440. He seeks this relief despite the fact that he has not completed his enhanced background investigation; a necessary step in the adjudication of the naturalization application of soldier serving in the Selected Reserve of the Ready Reserve ("Selected Reserve") who enlisted under the Military Accessions Vital to the National Interest ("MAVNI") program. On October 27, 2017, the District Court for the District of Columbia certified a nationwide class under Federal Rules of Civil Procedure 23(a), (b)(1)(A) and (b)(2) addressing the issue that Mr. Hu now seeks to litigate before this Court. Due to this nationwide class certification, Defendants move to dismiss this case in order to preserve judicial economy and prevent conflicting decisions on the issue. *See Nio v. United States Dep't of Homeland Sec.*, No. CV 17-998 (ESH), 2017 WL 4876276, at *2 (D.D.C. Oct. 27, 2017); Fed. R. Civ. P. 23(b)(1)(A) (permitting a class action to proceed when "prosecuting separate actions by or against individual class members would create

a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class ..."); *Id.* at (b)(2) (permitting a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.").[1]

## FACTS

Mr. Jiaming Hu is a native and citizen of China. ECF No. 1, ¶ 4. Mr. Hu entered the Selected Reserve of the United States Army through the MAVNI program. *Id.* ¶¶ 6-7. As a member of the Selected Reserve, Mr. Hu applied for naturalization pursuant to 8 U.S.C. § 1440 on September 15, 2016. *Id.* ¶ 9. As a member of the military, Mr. Hu should not have paid any filing fee to submit this application. 8 U.S.C. § 1440(b)(4). On April 17, 2017, the St. Louis Field Office of USCIS interviewed Mr. Hu on his naturalization application, and recommended that his case be recommended for approval. ECF No. 1 ¶ 10. On April 13, 2017, however, USCIS headquarters issued guidance that instructed the field to hold Selected Reserve naturalization applications for MAVNI applicants while USCIS sought more information from the Department of Defense ("DoD") to determine whether a MAVNI recruit drilling with the Delayed Training Program was "serving honorably as a member of the Selected Reserve of the Ready Reserve or in an active-duty status" within the meaning of Section 1440. *See* Ex. A (Email: Reservist N-400 Hold, April 13, 2017).

As a member of the Selected Reserve, this hold included Mr. Hu's application, because he had not attended basic training at the time of his interview. *See* Ex. B (Email: IMPORTANT:

---

[1] *See also Paxton v. Union Nat. Bank*, 688 F.2d 552, 558–59 (8th Cir. 1982) (noting that under Rule 23(b)(2) class members cannot "opt-out," of the class).

MAVNI Update – with attachment, May 25, 2017) (relying on DoD's September 30, 2016 Memorandum on Military Accessions Vital to the National Interest Pilot Program Extension, which required that "prior to shipping to basis training or serving for nay period of time on active duty in the Armed Forces, each MAVNI applicant must satisfactorily complete all security screening requirements."). On July 7, 2017, USCIS issued updated MAVNI N-400 Guidance, stating:

> USCIS has determined that the completion of DOD background checks is relevant to a MAVNI recruit's eligibility for naturalization. As such, all pending and future MAVNI cases may not proceed to interview, approval, or oath until confirmation that all enhanced DoD security checks are completed.

Ex. C. (Email: Updated MAVNI N-400 Guidance, July 7, 2017).

While USCIS was implementing the MAVNI hold, on May 24, 2017, ten MAVNI soldiers who had enlisted in the Selected Reserve and filed naturalization applications pursuant to 8 U.S.C. § 1440, filed a class action lawsuit in the District Court for the District of Columbia against both the Department of Defense and USCIS. ECF No. 1, *Nio, et al. v. U.S. DHS, et al.*, No. 17-cv-998 (D.D.C. 2017). Plaintiffs sought to "obtain Administrative Procedure Act, mandamus, declaratory, and preliminary and permanent injunctive relief to compel and enjoin Defendants so that they comply with their statutory obligations pursuant to federal law, including 8 U.S.C. § 1440, to properly and timely act upon, and to otherwise cease interfering with, the processing of Plaintiffs' naturalization applications." *Id*. ¶ 6. Plaintiffs have since amended their complaint on two separate occasions. *Nio*, 17-cv-998, ECF Nos. 27, 61. In both amended complaints, Plaintiffs seek to enjoin, *inter alia*, USCIS's July 7, 2017 guidance that requires the DoD's enhanced background checks be completed before a naturalization application can be adjudicated, and compel USCIS to adjudicate the applications. *Id*. at ECF No. 27, ¶¶ 151-162, 165-169; ECF No. 61, ¶¶ 159-170, 174-178.

In the Second Amended Compliant, Plaintiffs in *Nio* sought to certify a class of individuals who have:

(i) enlisted in the Selected Reserve through the MAVNI program;
(ii) have served honorably in the U.S. military through participation in at least one Selected Reserve drill period or in an active-duty status;
(iii) have received from the U.S. military executed Form N-426s certifying their honorable service as members of the Selected Reserve or in active-duty status;
(iv) have submitted N-400 Applications for Naturalization to USCIS; and
(v) have had the processing or final adjudication of their naturalization applications (including naturalization itself) withheld or delayed because of (a) a final USCIS processing hold for MAVNIs, (b) a United States Department of Defense N-426 policy review, (c) a DoD N-426 recall/decertification policy, (d) enhanced DoD security screenings, (e) a DoD Consolidated Adjudications Facility ("CAF") adjudication, (f) a so-called national security determination, and/or (g) a so-called military service suitability vetting or determination.

*Id*. at ECF No. 61, ¶ 129.  On October 27, 2017, the District Court for the District of Columbia granted the *Nio* Plaintiffs' motion for class certification.  *See Nio*, 2017 WL 4876276, at *2; *see also Nio*, 17-cv-998 at ECF Nos. 72 & 73.  Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1)(A), and 23(b)(2), the court certified the Plaintiffs' class with the modification that the class consisted of person who have "enlisted in the  Selected Reserve through the MAVNI program prior to October 13, 2017."  *Id*. at ECF No. 72.  Because Mr.  Hu falls within class of persons, Defendants request that this Court dismiss his complaint, without prejudice, as the issue he raises therein will be decided by the *Nio* class action.

## ARGUMENT

This Court should decline to exercise jurisdiction over Mr. Hu's complaint under 8 U.S.C. § 1447(b) as a matter of comity because the District Court for the District of Columbia has certified a class of people that will cover the same claim.  *Cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("prudential concerns, such as comity . . . may require a federal court to forgo the

exercise of its habeas corpus power"); *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) ("There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."). Multiple courts of appeal, including the Eight Circuit, have held that it is not an abuse of discretion for a district court to decline to exercise jurisdiction over an issue pending in another court, particularly if the other case is a class action. *Goff v. Menke*, 672 F.2d 702, 704 (8th Cir. 1982) ("If a class member cannot relitigate issues raised in a class action after it has been resolved, a class member should not be able to prosecute a separate equitable action once his or her class has been certified."); *Brown v. Vermillion*, 593 F.2d 321, 322-23 (8th Cir. 1979); *see also Horns v. Whalen*, 922 F.2d 835 & n.2 (4th Cir. 1991) (District court did not abuse discretion in declining to decide issue that was subject of class action) (collecting similar district court cases); *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) (individual suits for injunctive and declaratory relief cannot be brought where class action exists); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (same); *Groseclose v. Dutton*, 829 F.2d 581, 582 (6th Cir. 1987) (same); *Bennett v. Blanchard*, 802 F.2d 456 (6th Cir. 1986) (duplicative suits should be dismissed once class action certified); *Green v McKaskle*, 770 F.2d 445, 446-47 (5th Cir. 1985), *on reh'g*, 788 F.2d 1116 (5th Cir. 1986) (class member should not be permitted to pursue individual lawsuit seeking equitable relief within subject matter of class action); *Bryan v. Werner*, 516 F.2d 233, 239 (3d Cir. 1975) (District did not err in refusing to consider issue pending in a separate class action).

In *Nio*, the District Court for the District of Columbia certified a class under Federal Rules of Civil Procedure 23(b)(1)(A), because "prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with

5

respect to individual class members that would establish incompatible standards of conduct for the party opposing the class" and 23(b)(2), because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Nio*, 2017 WL 4876276, at *5-6.

As the Supreme Court has explained, "Rule 23(b)(1)(A) takes in cases where the party is obliged by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (internal quotations omitted). "[U]nder the majority rule, class members in a 23(b)(1)(A) class . . . cannot "opt out." *In re Fed. Skywalk Cases*, 680 F.2d 1175, 1178 (8th Cir. 1982). Subdivision (b)(2) "is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate." Amendments to Rules of Civil Procedure advisory committee notes, 39 F.R.D. 102 (1966). Two of the primary purposes underlying Federal Rule of Civil Procedure 23 are avoidance of both duplicative litigation and inconsistent standards. *Goff*, 672 F.2d at 704 (citing Amendments to Rules of Civil Procedure advisory committee notes, 39 F.R.D. 69, 100, 102-03 (1966)).

Mr. Hu's claims, which ultimately seek to challenge USCIS's policy of withholding adjudication until all DoD background checks have been completed, fall squarely within the *Nio* class definition, and he is unable to opt out of that class. Hu has "enlisted in the Selected Reserve through the MAVNI program" (ECF No. 1 ¶ 6); has served honorably (*Id*. ¶ 5); he has

6

filed for naturalization with USCIS, and therefore, must have had an executed N-426 certifying this honorable service (*Id*. ¶ 9); and the final adjudication of this naturalization application has been delayed due to the DoD's enhanced security screenings, which USCIS relies upon before completing any adjudication (*Id*. ¶ 11-12; Ex. C).  *Accord*, *Nio*, 17-cv-998, ECF No. 72 (Class certification).  In order to avoid duplicative litigation and inconsistent standards, Mr. Hu's case should be dismissed, without prejudice, as he is a member of the *Nio* class pending before the District Court for the District of Columbia.

Dated: December 12, 2017              Respectfully submitted,

JEFFREY B. JENSON
United States Attorney

JANE RUND #47298 MO
Assistant U.S. Attorney
111 South Tenth, Room 20.333
St. Louis, MO 63102
(314) 539-7636
(314) 539-2287 fax
Jane.Rund@usdoj.gov

CHAD A. READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

ELIANIS PEREZ
Assistant Director

C. FREDERICK SHEFFIELD
Trial Attorney

By: *Sarah L. Vuong*
SARAH L. VUONG
Senior Litigation Counsel
Office of Immigration Litigation – DCS
U.S. Dep't of Justice, Civil Division
P.O. Box 868, Ben Franklin Stn.
Washington, DC 20044
(202) 532-4281
Sarah.l.vuong@usdoj.gov

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2017, the foregoing Motion to Dismiss was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following counsel of record for Plaintiffs:

James O. Hacking, III, Esq.
Attorney at Law
34 N. Gore, Ste. 101
St. Louis, MO 63119
jim@hackinglawpractice.com

*/s/ Sarah L. Vuong*
SARAH L. VUONG
Senior Litigation Counsel
U.S. Dept. of Justice