UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIAMING HU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-02363-AGF |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion to dismiss (ECF No. 8) as a matter of judicial economy because Plaintiff is a member of a certified class action lawsuit in the United States District Court for the District of Columbia: *Nio v. U.S. Dep't of Homeland Sec.*, 323 F.R.D. 28 (D.D.C. 2017). For the reasons set forth below, Defendants' motion to dismiss will be denied, but the Court will stay this case pending resolution of the *Nio* class action.

**BACKGROUND**

Jiaming Hu, a citizen of China who is residing in Missouri, filed this request for a writ of mandamus on September 6, 2017. The complaint names the United States Department of Homeland Security ("DHS"), the United States Citizenship and Immigration Services ("USCIS"), and various federal officials as Defendants. Plaintiff seeks an order from this Court compelling Defendants to adjudicate his application for naturalization pursuant to 8 U.S.C. § 1447(b), which states that if there is a failure to

make a determination on an applicant's request for naturalization before the end of the 120-day period after the applicant's examination is conducted, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter, and that such a court has jurisdiction over the matter.

According to the complaint, at some point before September 15, 2016, Plaintiff, a citizen of China, enlisted in the United States Army under the Military Accessions Vital to the National Interest ("MAVNI") program to serve as a non-citizen soldier in the Selected Reserve. The MAVNI program is designed to allow the Department of Defense ("DOD" or "DoD") to recruit non-U.S. citizens with critical language and/or medical skills that it deems to be "vital to the national interest." ECF No. 1.

On September 15, 2016, Plaintiff applied for naturalization pursuant to 8 U.S.C. § 1440, which allows for the naturalization of aliens who serve honorably in the Selected Reserve or in an active-duty status in the armed forces of the United States during any period in which the Armed Forces of the United States are or were engaged in military operations involving armed conflict with a hostile foreign force. Plaintiff appeared for his biometrics (fingerprinting and photographing) at the USCIS Application Support Center in St. Louis, MO. On April 13, 2017, the USCIS headquarters issued a guidance, instructing field offices to hold Selected Reserve naturalization applications for MAVNI applicants while the USCIS determined whether a MAVNI recruit drilling with the Delayed Training Program was "serving honorably as a member of the Selected Reserve of the Ready Reserve or in an active-duty status" within the meaning of § 1440. ECF No. 8. Shortly thereafter, on April 17, 2017, Plaintiff was interviewed by the USCIS at its

Missouri Field Office, and his case was recommended for approval. As a member of the Selected Reserve, however, Plaintiff's application was included in the hold[1] issued on April 13, 2017. ECF No. 8.

On May 24, 2017, while Plaintiff's application was on hold and before the instant suit was filed, ten foreign national soldiers who had also enlisted in the Selected Reserve through the MAVNI program and filed naturalization applications pursuant to 8 U.S.C. § 1440, filed a class action lawsuit in the District Court for the District of Columbia against the USCIS and the Department of Defense. *See Nio,* 323 F.R.D. at 30. The *Nio* plaintiffs sought to "compel and enjoin [d]efendants so that they comply with their statutory obligations pursuant to federal law, including 8 U.S.C. § 1440, to properly and timely act upon, and to otherwise cease interfering with, the processing of [p]laintiffs' naturalization applications." ECF No. 8.

On July 7, 2017 the USCIS issued an updated guidance stating, in relevant part:

> USCIS has determined that the completion of D[o]D background checks is relevant to a MAVNI recruit's eligibility for naturalization. As such, all pending and future MAVNI cases may not proceed to interview, approval, or oath until confirmation that all enhanced DoD security checks are complete.

ECF No. 8.

The *Nio* plaintiffs subsequently amended their complaint on two separate occasions, seeking to enjoin, *inter alia*, the July 7, 2017 guidance and to compel USCIS

---

[1] There is some debate as to whether this is, in fact, a "hold," although it "appears to have the same effect [as a hold]." *See Nio v. U.S. Dep't of Homeland Sec.*, 270 F. Supp. 3d 49, 56-57 (D.D.C. 2017).

to adjudicate the applications. They also sought to certify a class of individuals who have:

    (i)     Enlisted in the Selected Reserve through the MAVNI program;
    (ii)    Have served honorably in the U.S. military through participation in at least one Selected Reserve drill period or in an active-duty status;
    (iii)   Have received from the U.S. military executed Form N-426s certifying their honorable service as members of the Selected Reserve or in active-duty status;
    (iv)   Have submitted N-400 Applications for Naturalization to USCIS; and
    (v)    Have had the processing or final adjudication of their naturalization applications (including naturalization itself) withheld or delayed because of (a) a final USCIS processing hold for MAVNIs, (b) a United States Department of Defense N-426 policy review, (c) a DoD N-426 recall/decertification policy[2], (d) enhanced DoD security screenings . . . (f) a so-called national security determination, and/or (g) a so-called military service suitability vetting or determination.

ECF No. 10.

While the *Nio* amended complaint was under review, Plaintiff filed his complaint in this Court. In Count One, Plaintiff argues that Defendants, by failing to finally adjudicate his application for naturalization within the 120 days from the date of his examination[3] as required by 8 U.S.C. § 1447(b), are in violation of the statute. Plaintiff

---

[2]   While not mentioned in either party's motions, the DOD issued a guidance on October 13, 2017, which stated that the DOD would recall and decertify the Form N-426 for any service member whose accession was prior to that date, and had submitted a complete application for naturalization to the USCIS that included the Form N-426 and N-400 but either had not had the application adjudicated or, if so, had not yet been naturalized, and had not completed the DHS/USCIS Security Screening Requirement. *See Nio,* 323 F.R.D. at 31. Based on the record before the Court, this presumably would have affected Plaintiff.

[3]   Some federal courts have held that the date of examination is the date of the applicant's interview by USCIS. *See Shalabi v. Gonzales*, No. 4:06CV866 RWS, 2006

argues that if an applicant has complied with all requirements for naturalization, the USCIS "shall grant the application" pursuant to 8 C.F.R. § 335.3(a). ECF No. 1.

Count Two alleges that Defendants' refusal to adjudicate his naturalization application violates the Administrative Procedure Act, 5 U.S.C. § 706. Plaintiff asserts that Defendants have unlawfully withheld and/or unreasonably delayed the completion of his naturalization application, contrary to the plain language of applicable law, including 8 U.S.C. § 1440.

Count Three alleges that the refusal to adjudicate Plaintiff's application violates his procedural due process rights. Plaintiff alleges that his compliance with the statutory and regulatory requirements established in 8 U.S.C. § 1427 and 8 C.F.R. § 316.2 (for naturalization applicants), and in 8 U.S.C. § 1159 and 8 C.F.R. § 335.3 (for adjustment of status applicants), vests in Plaintiff a constitutionally protected property and liberty interest, and that this triggers procedural due process protection, which was violated when Defendants failed to schedule him for naturalization.

As relief, Plaintiff seeks that this Court assume jurisdiction over this case; order Defendants to adjudicate Plaintiff's case immediately or remand the case to Defendants with an order to do so within a time certain; conduct a hearing pursuant to 8 U.S.C. § 1447(b); and award reasonable attorneys' fees and costs to Plaintiff.

On October 27, 2017, after Plaintiff filed this complaint, the District Court for the District of Columbia granted the *Nio* plaintiffs' motion for class certification, with the

---

WL 3032413, at *3 (E.D. Mo. Oct. 23, 2006); *Patel v. Gonzales*, No. CIV.A.07-83-CV-W-NKL, 2007 WL 2811470, at *3 (W.D. Mo. Sept. 24, 2007).

modification that the class consists of persons who have enlisted in the Selected Reserve through the MAVNI program prior to October 13, 2017. The *Nio* class is a nationwide class certified under Federal Rules of Civil Procedure 23(a), (b)(1)(A), and (b)(2).

Defendants filed this motion to dismiss, without prejudice, on December 12, 2017.

## **ARGUMENTS OF THE PARTIES**

Defendants base their motion to dismiss on preserving judicial economy and preventing conflicting decisions on relevant issues due to the pending *Nio* class action lawsuit, of which they claim Plaintiff is a member. Defendants contend that the primary purposes of Federal Rule of Civil Procedure 23 are to avoid duplicative litigation and inconsistent standards. ECF No. 8. Defendants argue that because Plaintiff's claims will ultimately seek to challenge USCIS's policy of withholding adjudication until all DOD background checks have been completed, Plaintiff's claims fall squarely within the *Nio* class definition, a class from which Plaintiff is unable to opt out.

In response, Plaintiff does not dispute that he is a member of the *Nio* class. However, Plaintiff argues that his individual lawsuit should not be dismissed because doing so would deny him proper jurisdiction under this Court, which he alleges has jurisdiction under 8 U.S.C. § 1447(b). Plaintiff argues that the statute should be interpreted according to its plain language, which grants jurisdiction over an applicant's naturalization application to the "district court for the district *in which the applicant resides*." ECF No. 10. (citing 8 U.S.C. § 1447(b)).

In reply, Defendants do not dispute that this Court is a proper venue for Plaintiff's claims. However, Defendants argue that they are not seeking for Plaintiff's case to be

transferred to the District Court for the District of Columbia, but are instead simply requesting that it be dismissed, without prejudice, pending a decision from the *Nio* court, at which time Plaintiff may refile his claim if the *Nio* decision does not dispose of it. Defendants also state that they "are not opposed to the Court holding the case in abeyance or administratively closing it to await a ruling from the *Nio* court." ECF No. 12 at 2 n.3.

## **DISCUSSION**

Multiple courts of appeal, including the Eighth Circuit, have held it is not an abuse of discretion to dismiss a case on the ground that the plaintiff is a member of a parallel class action. *See e.g.*, *Goff v. Menke*, 672 F.2d 702, 704 (8th Cir. 1982); *Horns v. Whalen*, 922 F.2d 835, 835 & n.2 (4th Cir. 1991); *McNeil v. Guthrie*, 945 F.2d 1163, 1165-66 (10th Cir. 1991) (finding that individual suits for injunctive and declaratory relief cannot be brought where a class action with the same claims exists); *Bennett v. Blanchard*, 802 F.2d 456, 456 (6th Cir. 1986) (holding that the lower court was correct in dismissing a case when the plaintiff was also a member in a parallel class action). Since class members generally "cannot relitigate issues raised in a class action after it has been resolved, a class member should not be able to prosecute a separate equitable action once his or her class has been certified." *Goff*, 672 F.2d at 704.

This Court also notes that the *Nio* class was certified under Federal Rules of Civil Procedure 23(b)(1)(A), because "prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the

7

party opposing the class," and 23(b)(2), because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Nio,* 323 F.R.D. at 34. Staying or dismissing Plaintiff's claim without prejudice, would serve the purpose of Rule 23 by avoiding this risk, because if the Court were to rule on Plaintiff's claims with the *Nio* case pending, there would be a definite risk of creating incompatible standards as against the Defendants.

Finally, staying or dismissing this case without prejudice would also be consistent with the doctrine of comity. The doctrine of comity generally "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)). Although no precise rule has evolved for when there is a parallel action before another federal district court, "the general principle is to avoid duplicative litigation." *Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953 (8th Cir. 2001) (stating that "the Supreme Court has identified a general policy that duplicative litigation in federal courts should be avoided) (emphasis removed).

Cases are considered duplicative when the issues in one case "substantially duplicate those raised by a case pending in another court." *Ritchie Capital Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017) (quoting *Ritchie Capital*

*Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763 n.3 (8th Cir. 2011)). The standard in such circumstances does not require that the parties be identical, only that that there be overlapping issues and parties. *Id*.

Applying this standard, this Court will stay this case pending a resolution of the *Nio* class action. The class certification analysis from the *Nio* court is especially instructive. In certifying the *Nio* class of plaintiffs, the court found that there was commonality between the members of the class because there are "questions of law or fact common to the class." *See* Fed. R. Civ. P. 23(a)(2). The court noted that the plaintiff class members "are members enlisted in the Selected Reserve through the MAVNI program, are serving honorably, have a valid N–426, have an outstanding application for naturalization being delayed by the DHS/USCIS Security Screening Requirement, and are subject to some or all of DOD's October 13th Guidance. . . [whose] legal claims involve the validity of the DHS/USCIS Security Screening Requirement and the October 13th Guidance." *Nio,* 323 F.R.D. at 32. The court noted that while there may be some factual variations among the class members, they do not impact the overarching questions that are common to the class as a whole, such as: "Do defendants have the legal authority to implement these policies and practices," and "[d]o these policies and practices otherwise violate the Constitution . . . or other applicable law?" *Id.*

In the present case, although Plaintiff is correct that this Court has jurisdiction over his claim pursuant to 8 U.S.C. § 1447(b), the Court also has discretion to dismiss claims that are duplicative of those pending in another jurisdiction. Plaintiff does not dispute that he is a member of the *Nio* class, or that his lawsuit is duplicative of the *Nio*

class action.  However, rather than dismiss Plaintiff's complaint, the Court will stay this case pending a resolution of the *Nio* class action.  *See, e.g.*, *Ritchie Capital Mgmt.*, 868 F.3d at 666 (expressing a preference for stays over dismissals "to preserve any claims that might not be resolved by the parallel proceedings").

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **DENIED**.  ECF No. 8.  However, this case is **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that, no later than **14 days** after final resolution of the class claims in *Nio v. U.S. Dep't of Homeland Sec.*, 323 F.R.D. 28 (D.D.C. 2017), the parties shall confer and Defendants shall file a notice advising the Court of the status of the case, any appropriate motion as to lifting of the stay, and a joint proposed schedule for the remainder of the litigation, if any.

**IT IS FURTHER ORDERED** that this case shall be deemed closed administratively, for statistical purposes only, subject to reopening upon lifting of the stay or other appropriate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2018.